IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RYAN PFLIPSEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> NEW LANTERN LANE, LTD, ) <br> d/b/a LANTERN LANE CENTER, ) <br> ) <br> Defendant. ) | CIVIL ACTION <br><br> FILE No. 5:21-cv-260 |

## COMPLAINT

COMES NOW, RYAN PFLIPSEN, by and through the undersigned counsel, and files this, his Complaint against Defendant NEW LANTERN LANE, LTD d/b/a LANTERN LANE CENTER, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2. Plaintiff RYAN PFLIPSEN (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3. Plaintiff is disabled as defined by the ADA.

4. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5. Plaintiff uses a wheelchair for mobility purposes.

6. Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7. Defendant NEW LANTERN LANE, LTD d/b/a LANTERN LANE CENTER (hereinafter "LANTERN LANE CENTER") is a Texas for profit corporation that transacts business in the state of Texas and within this judicial district.

8. LANTERN LANE CENTER may be properly served with process via its registered agent for service, to wit: Maurice Huey, 4531 NW Loop 410, San Antonio, Texas 78229.

**FACTUAL ALLEGATIONS**

9. On or about January 18, 2021, Plaintiff was a customer at "Spice" a business located at 3720 NW Loop 410, San Antonio, Texas 78229, referenced herein as the "Spice."

10. LANTERN LANE CENTER is the owner or co-owner of the real property and improvements that the Spice is situated upon and that is the subject of this action, referenced herein as the "Property."

11. Plaintiff lives approximately 6 miles from the Spice and Property.

12. Plaintiff's access to the business(es) located at 3720 NW Loop 410, San Antonio, Bexar County Property Identification number 537028 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Spice and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Property at least once before as a customer and advocate for the disabled. Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again. The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14. Plaintiff intends to revisit the Spice and Property to purchase goods and/or services.

15. Plaintiff travelled to the Spice and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Spice and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Spice and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*.

17. Congress found, among other things, that:

(i) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

\* \* \* \* \*

(iv) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21. The Spice is a public accommodation and service establishment.

22. The Property is a public accommodation and service establishment.

23. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the

Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

25. The Spice must be, but is not, in compliance with the ADA and ADAAG.

26. The Property must be, but is not, in compliance with the ADA and ADAAG.

27. Plaintiff has attempted to, and has to the extent possible, accessed the Spice and the Property in his capacity as a customer of the Spice and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Spice and Property that preclude and/or limit his access to the Spice and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Plaintiff intends to visit the Spice and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Spice and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Spice and Property that preclude and/or limit his access to the Spice and

Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Spice and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Spice and Property, including those specifically set forth herein, and make the Spice and Property accessible to and usable by Plaintiff and other persons with disabilities.

31. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Spice and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Spice and Property include, but are not limited to:

    **(a)   ACCESSIBLE ELEMENTS:**

    (i) Near Unit 3780, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous

and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit 3780, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii) Near Unit 3780, the accessible curb ramp projects into the access aisle and accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iv) Near Unit 3780, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(v) Due to the presence of stairs in between Units 3780 and 3740, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 and 206.2.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(vi) Near Unit 3740, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the

2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(vii)   Near Unit 3740, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(viii)  Near Unit 3724, there is an excessive vertical rise at the base and top of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(ix)    Units 3724, 3726 and 3730 are not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards. This violation is caused due to the presence of stairs adjacent to Unit 3724 and 3730 which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access aisle serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(x) Near Unit 3726, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xi) Unit 3720 is not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards and due to the violation detailed in (l) below. This violation is caused due to the presence of stairs adjacent to this Unit which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access aisle serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(xii) The accessible route leading to the accessible ramp located near Unit 3720 is blocked due to the fact the curb ramp projects into the adjacent parking spaces in violation of section 406.5 of the 2010 ADAAG Standards. As a result, when vehicles park in these parking spaces, the vehicle blocks the entry-way to this accessible curb ramp which is the only means by which a disabled individual can access Unit 3720.

(xiii) Near Unit 3720, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xiv) Units 3706, 3708 and 3714 are not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards. This violation is caused due to the presence of stairs adjacent to Unit 37214 and a wall next to 3706 which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access aisle

serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(xv) Near Unit 3708, the accessible ramp leading from the accessible parking space to the accessible entrances has a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xvi) Near Unit 3708, the accessible route leading to the accessible ramp has a cross-slope in excess of 1:48 in violation of section 403.3 of the 2010 ADAAG Standards.

(xvii) Adjacent to Unit 3700, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xviii) Near Unit 3700, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xix) Adjacent to Unit 3700, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards.

This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xx) Adjacent to Unit 3700, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxi) The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 104 parking spaces on the Property requiring at least five accessible parking spaces but there are only three (3) accessible parking spaces. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxii) There are no accessible parking spaces identified by a sign as a "van accessible" in violation of section 502.6 of the 2010 ADAAG standards, there should be at least one "van accessible" sign and accessible parking Unit 3780, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxiii) Near Unit 3780, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation would

make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxiv) Near Unit 3780, the accessible curb ramp projects into the access aisle and accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxv) Near Unit 3780, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxvi) Due to the presence of stairs in between Units 3780 and 3740, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 and 206.2.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(xxvii) Near Unit 3740, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xxviii) Near Unit 3740, the accessible parking space and associated access aisle have a slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and are not level. This violation would make it dangerous

and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxix) Near Unit 3724, there is an excessive vertical rise at the base and top of the accessible ramp in violation of Section 303.2 and 405.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access public features of the Property.

(xxx) Units 3724, 3726 and 3730 are not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards. This violation is caused due to the presence of stairs adjacent to Unit 3724 and 3730 which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access aisle serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(xxxi) Near Unit 3726, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxxii) Unit 3720 is not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards and due to the violation detailed in (l) below. This violation is caused due to the presence of stairs adjacent to this Unit which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access

14

aisle serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(xxxiii) The accessible route leading to the accessible ramp located near Unit 3720 is blocked due to the fact the curb ramp projects into the adjacent parking spaces in violation of section 406.5 of the 2010 ADAAG Standards. As a result, when vehicles park in these parking spaces, the vehicle blocks the entry-way to this accessible curb ramp which is the only means by which a disabled individual can access Unit 3720.

(xxxiv) Near Unit 3720, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxxv) Units 3706, 3708 and 3714 are not on an accessible route in violation of section 206.2.2, 206.2.4 and 206.4 of the 2010 ADAAG Standards. This violation is caused due to the presence of stairs adjacent to Unit 37214 and a wall next to 3706 which block the accessible route and in conjunction with the lack of a marked and level accessible parking space and associated access aisle serving this section of the Property. As a result, a disabled individual will have difficulty accessing these Units.

(xxxvi) Near Unit 3708, the accessible ramp leading from the accessible parking space to the accessible entrances has a slope exceeding 1:12 in

15

violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xxxvii) Near Unit 3708, the accessible route leading to the accessible ramp has a cross-slope in excess of 1:48 in violation of section 403.3 of the 2010 ADAAG Standards.

(xxxviii) Adjacent to Unit 3700, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xxxix) Near Unit 3700, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xl) Adjacent to Unit 3700, the accessible ramp side flares have a slope in excess of 1:10 in violation of section 406.3 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xli) Adjacent to Unit 3700, the bottom edge of the accessible parking space sign is below 60 inches from the finished floor in violation of section 502.6 of the

2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xlii) The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. There are a total of 104 parking spaces on the Property requiring at least five accessible parking spaces but there are only three (3) accessible parking spaces. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xliii) There are no accessible parking spaces identified by a sign as a "van accessible" in violation of section 502.6 of the 2010 ADAAG standards, there should be at least one "van accessible" sign and accessible parking space.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Spice and Property.

33. Plaintiff requires an inspection of Spice and Property in order to determine all of the discriminatory conditions present at the Spice and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Spice and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Spice and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Spice and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

38. Upon information and good faith belief, the Spice and Property have been altered since 2010.

39. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Spice and Property, including those alleged herein.

41. Plaintiff's requested relief serves the public interest.

42. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to

modify the Spice and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Spice in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Spice to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 15, 2021.

Respectfully submitted,

/s/ Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com